313 So.2d 277 (1975)
Frazier BELL, Plaintiff-Appellant,
v.
GULF INSURANCE COMPANY et al., Defendants-Appellees.
No. 4978.
Court of Appeal of Louisiana, Third Circuit.
April 21, 1975.
Rehearing Denied June 18, 1975.
Writ Refused September 8, 1975.
Bernard Kramer, Alexandria, for plaintiff-appellant.
Gold, Hall, Hammill & Little by Eugene J. Sues, Alexandria, for defendants-appellees.
*278 Before HOOD, MILLER, and WATSON, JJ.
MILLER, Judge.
Plaintiff Frazier Bell appeals the judgment dismissing his workmen's compensation claim on the peremptory exception of prescription and peremption filed by defendants Gulf Insurance Company and Cenla Community Action Committee, Inc. We affirm.
Plaintiff claims he suffered a disabling heart attack on May 16, 1973 while in the course and scope of his employment with Cenla. He did not return to work after that date. Plaintiff applied for sick leave and annual leave provided for by Cenla's established policy, and these benefits paid his salary through July 9, 1973 at which time he resigned his position.
On June 5, 1974 plaintiff inquired about workmen's compensation benefits and filed this suit on June 24, 1974.
The statute provides that workmen's compensation claims for personal injuries are "forever barred unless within one year after the accident . . . the parties have agreed upon the payments" or suit has been filed. LSA-R.S. 23:1209.
Plaintiff contends the trial court erred in holding fringe benefit payments (of sick and annual leave) were not paid in lieu of workmen's compensation. He argues these payments were in fact disability payments or compensation payments, which terminated on July 9, 1973, and contends his June 24, 1974 suit was timely. We do not agree.
Since Cenla and its compensation insurer Gulf pled prescription and peremption and established that more than one year elapsed between the accident and the filing of suit, plaintiff bears the burden of proving interruption of the running of prescription or peremption. Blanchard v. Liberty Mutual Insurance, 280 So.2d 592 (La.App. 3 Cir. 1973). In Blanchard, we held payments made as sick leave benefits, pursuant to establish company policy, did not interrupt the one year prescriptive or peremptive period set by LSA-R.S. 23:1209.
Cenla held employee meetings and workshops to explain these and other benefits to its employees. Plaintiff admitted he understood these benefits were provided by Cenla, and that he applied for and received accrued sick leave and annual leave. As in Richard v. Liberty Mutual Insurance Company, 188 So.2d 432 (La.App. 3 Cir. 1966), plaintiff was not "lulled" into a mistaken belief that he was receiving compensation.
Plaintiff contends that Ryder v. Insurance Company of North America, 282 So. 2d 771 (La.App. 3 Cir. 1973) is in point. We distinguish that case for the reason that prescription was interrupted in that case by payment of workmen's compensation benefits under Georgia law.
There is no error in the trial court determination that plaintiff's workmen's compensation claim had prescribed. The judgment is affirmed at plaintiff's cost.
Affirmed.