PER CURIAM.
In this writ application relator, the City of New Orleans, complains the trial court erred in overruling its exceptions of prescription and no cause of action. We agree. While such orders are interlocutory judgments over which this Court does not ordinarily exercise its supervisory jurisdiction, writs should, nonetheless, be granted when it is clear that the plaintiff cannot prevail on the merits; such action is dictated by considerations of efficient judicial administration and fundamental fairness to litigants. Mangin v. Auter, 360 So.2d 577 (La.App.1978). The instant petition, on its face, provides no basis upon which this plaintiff can prevail, as the claim has clearly prescribed.
Plaintiff contends he was injured on January 29, 1978 by defendant Van Holmes, then a New Orleans policeman. Plaintiff filed a timely civil rights action under 42 U.S.C. § 1983 in federal court against Van Holmes individually and as a Police Officer of the City of New Orleans, and was awarded damages of $10,000 by judgment rendered on March 17, 1981. On June 7, 1982, *717 plaintiff filed the instant suit in Civil District Court for the Parish of Orleans against Van Holmes and the City of New Orleans, seeking $50,000 for pain and suffering, humiliation, property damage and medical expenses. This suit alleges the City is liable for such damages under respondent superi- or. The petition further alleges the federal judgment remains unsatisfied, despite the City’s alleged policy of paying such judgments against its employees.
If plaintiff’s petition is viewed as a tort action, for which the City’s liability would be predicated on respondeat superior under LSA-C.C. arts. 2315 and 2320, his cause of action has prescribed under the one-year prescription of LSA-C.C. art. 3536 for offenses and quasi-offenses. The only way to interrupt prescription would have been under a theory of joint tortfeasorship, under LSA-C.C. art. 2097 regarding solida-ry obligors.
Even if the City were deemed a joint tortfeasor with Van Holmes and the § 1983 suit against Holmes were considered the same cause of action as the State Court tort suit, so as to interrupt prescription on the state suit, the prescriptive period would have begun to run again on March 17,1981, the date of the Federal court judgment, which was more than a year before the instant action was filed on June 7, 1982. Plaintiff’s tort action against the City has therefore prescribed.
The State court petition could conceivably be viewed as a § 1983 against the city. This construction would be strained, as the alleged basis for the City’s liability is respondeat superior and the damages itemized and prayed for are $50,000 for pain and suffering, humiliation, property damages and medical expenses, not the $10,000 awarded against Van Holmes in the Federal court suit. However, even if the State court petition were deemed a § 1983 suit against the City, and prescription had been interrupted by the Federal court case, prescription would still have run again before the state suit was filed. Additionally, we note that the State court petition fails to state a § 1983 cause of action against the City, because a municipality cannot be held liable under respondeat superior in a § 1983 suit. Monell v. Dept. of Social Services of N.Y., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). As there is no allegation of a governmental policy or authorization for conduct such as Van Holmes’, the instant petition does not state a cause of action against the City under § 1983.
A third possible view of the petition is that it attempts to state a cause of action against the City for payment of the unsatisfied federal court judgment against Van Holmes. We find, however, that the allegation that the City has a policy of paying judgments rendered against its employees does not assert any legal obligation of the City to do so, and the petition therefore fails to state a cause of action against the City.
Accordingly, it is ordered that the judgment overruling defendant’s exceptions of prescription and no cause of action be reversed, judgment is hereby rendered dismissing this suit at plaintiff’s costs. This writ is made peremptory.
MADE PEREMPTORY.