449 So.2d 601 (1984)
Wilton COMARDELLE
v.
JEANDRON CHEVROLET, INC., et al.
No. 83 CA 0593.
Court of Appeal of Louisiana, First Circuit.
April 3, 1984.
Rehearing Denied May 21, 1984.
*602 Gordon Hackman, Boutte, for Wilton Comardelle.
Philip J. McMahon of McMahon, McCollam & Hargis, Houma, for Jeandron Chevrolet, Inc.
Before COVINGTON, COLE and SAVOIE, JJ.
COLE, Judge.
The issue in this case is whether or not plaintiff proved he received "wages in lieu of compensation" so as to interrupt prescription of his workmen's compensation claim under La.R.S. 23:1209.
The facts are as follows. Plaintiff Wilton Comardelle was employed as a salesman by defendant Jeandron Chevrolet in Lockport, Louisiana. On August 31, 1977 he allegedly suffered a heart attack while *603 at work. He was hospitalized for ten days while being treated for several ailments and returned to work a few weeks later.[1] He continued working until February of 1978 when he was fired. During most of this period[2] he was paid his regular salary of $400 a month "draw against commission."
In October of 1978, some 14 months after his alleged heart attack, Mr. Comardelle filed suit against Jeandron Chevrolet, alleging he was totally and permanently disabled and therefore entitled to workmen's compensation benefits. Defendant filed the peremptory exception urging the objection of prescription; a hearing was held and the court sustained the exception. Plaintiff asked for a new trial which was granted. Another hearing was held and the court again rendered judgment sustaining the exception and dismissing plaintiff's claim. Plaintiff then filed this appeal.
Appellant contends the court erred in ruling his claim had prescribed. La.R.S. 23:1209 governs this matter and reads in pertinent part as follows:
"In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of partial disability this limitation shall not take effect until three years from the time of making the last payment."
The first sentence of the statute bars claims unless suit has been filed or the parties have agreed upon the compensation within one year of the accident or death of the employee. The next sentence creates an exception to this rule, i.e., if payments have been made the time period does not expire until one year after the date of the last payment.
In this case the suit was clearly not filed until more than one year after the date of the "accident," therefore, our only question is whether or not there was an interruption of prescription, in the nature of payments by the employer.
Because the suit was filed more than one year after the accident, plaintiff has the burden of proving his suit has not prescribed. Bell v. Gulf Insurance Company, 313 So.2d 277 (La.App. 3d Cir.1975), writ denied, 317 So.2d 627 (La.1975). He attempts to defeat the prescription claim by arguing that during the period following his alleged heart attack, he was paid "wages in lieu of compensation" and therefore had a year from the last payment (in February of 1978) in which to file suit.
The test for determining if the wages paid were in lieu of compensation is whether or not the wages were actually earned by the employee. Matthews v. New Orleans Public Service, 349 So.2d 408 (La. App. 4th Cir.1977), writ denied, 351 So.2d 170 (La.1977). In making this inquiry we have examined three aspects of Mr. Comardelle's job: his duties, his work schedule and his earnings.
The fact that an employee's duties are similar before and after his accident is a relevant (although not conclusive) factor in determining whether or not his wages paid subsequent to the injury were earned. See Heymann v. Dixie Leasing Corporation, 250 So.2d 118 (La.App. 4th Cir.1971). The sales manager, Edwin Gautreaux, and the other salesmen, George Parr and Irvin Dufrene, testified Mr. Comardelle had the same duties after his alleged heart attack as he had before. The salesmen rotated *604 daily in their positions; one was stationed in the show room, one on the used car lot and one was "on the road" making contacts with potential customers. When Mr. Comardelle returned to work he participated in this rotation just as he had prior to his illness.
Mr. Comardelle testified that when he returned to work he worked only part-time until January of 1978; however, he could not be specific as to the hours or the number of days he worked per week. The other employees said he returned to work on a full time basis although he was often absent. Concerning his salary, all who testified stated Mr. Comardelle was paid the same as before: $400 a month draw against commission.
After considering the foregoing evidence the trial court found as follows:
"The Court also finds as a fact from the testimony at the hearing that plaintiff was not paid wages in lieu of compensation from August 31, 1977 to February 10, 1978 when he was discharged but was paid `wages' because he had returned to work after he received hospitalization from his ulcer attack.[[4]] His `wages' were in the nature of a draw against commissions, and because of his lack of production and apparent dereliction of duty he was let go in February, 1978. The Court further recalls that the testimony indicated that his employer was not even aware that he had a workmen (sic) compensation claim until suit was filed in October, 1978, some fourteen (14) months after the alleged injury of August 31, 1977, and that his hospitalization had been handled under a group hospital policy."
We find no abuse of discretion in the trial court's findings. Appellant simply failed to prove that his wages were not earned. It was established at trial that his duties were not any different after his illness than before. Although there was some evidence that he was often absent from work, appellant did not show how much work he missed. The absence of this information hinders a determination that the wages were given as a gratuity.
Further, appellant offered no evidence showing he made fewer sales after the illness than before. Even if he had in fact made fewer sales, this would not necessarily prove he was not earning his salary. The very nature of the draw against commission arrangement makes it difficult to characterize the $400 salary as a gratuity. Under this scheme it is agreed in advance that a salesman is entitled to $400 a month even if he makes no sales.
Another factor, whether or not the employer has lulled the employee into a false sense of security, has been considered by several courts. See Dupaquier v. City of New Orleans, 260 La. 728, 257 So.2d 385 (1972), rehearing denied 1972. In Lester v. Rebel Crane & Serv. Co., 394 So.2d 1230 (La.1981), Justice Blanche dissented from the majority opinion[5] as to whether or not plaintiff had proved he was paid wages in lieu of compensation so as to interrupt prescription. The trial court had decided the issue based on a stipulation in the record. Justice Blanche felt it was inappropriate to decide the issue by stipulation and stated as follows on page 1231:
"Whether wages were paid `in lieu of compensation' in a situation where the employee is not working is a factual determination that should be based on whether an employee was led to believe that the wages were actually workmen's compensation disability benefits or a substitute for such benefits, and whether the employee therefore felt he need not file suit for those benefits."
In order for this prescriptive exception to apply the employee must establish that some action or inaction by the employer *605 induced him to withhold suit until the claim had prescribed. Dupaquier, supra; Ray v. City of New Orleans, 284 So.2d 83 (La. App. 4th Cir.1973), writ denied, 286 So.2d 661 (La.1973). Not one iota of evidence was offered showing that appellant's employer, either directly or indirectly, did anything to induce him not to file suit.
For these reasons, we find the trial court did not err in sustaining the exception of prescription.
Appellant contends the court erred in two procedural matters. First, he argues that under La.Code Civ.P. art. 934, the court should have ordered the petition amended so as to remove the grounds of the objection.
Code Civ.P. art. 934 reads as follows:
"When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed."
In the present case the exception was sustained because suit was filed more than one year after the alleged accident, and there was no evidence at the hearing showing any event had occurred to interrupt prescription. Therefore, the grounds of the objection could not possibly have been removed by amending the petition and the court was correct in dismissing the suit.
Second, appellant contends the court erred in failing to compel discovery. In order to discuss this issue it is necessary to set forth the following sequence of events. The first judgment maintaining the objection of prescription was rendered on September 29, 1980. Appellant immediately filed his motion for a new trial and shortly thereafter filed seven interrogatories upon the defendant. Defendant filed an objection to the interrogatories based on the fact that judgment had been rendered dismissing plaintiff's case and as of yet no new trial had been granted. In response, appellant filed a motion to compel discovery which the court said it would not consider until the motion for new trial was argued and decided. On January 30, 1981 the court granted the new trial and set it for May 1, 1981. The court did not act on the motion to compel discovery nor did appellant pursue it. The exception was reheard on May 1, 1981, and the matter left open for certain deposition evidence. There is no showing that appellant filed any further motions to compel discovery or pursued the interrogatories in any way. Judgment was rendered in December of 1981.
Although it is true the court said it would act on the discovery motion when it determined whether or not a rehearing would be granted, we find appellant was not prejudiced in any way. It would be a disservice to the judicial system to reverse a case on this basis. Appellant had ample time to pursue his right to compel during the many months in which suit was ongoing, yet he remained silent until this appeal. More importantly, he had ample opportunity in court to develop the information sought by the interrogatories which was relevant to the question of prescription. Since he has not shown any prejudice and because his own silence contributed to the lack of action by the trial court, we conclude this argument is without merit.
For the foregoing reasons, the judgment of the trial court is affirmed. Appellant is to pay all costs.
AFFIRMED.
NOTES
[1] Testimony at trial was conflicting on this point. Plaintiff stated he was off work approximately six weeks. Other employees at Jeandron Chevrolet testified plaintiff returned to work within four weeks or sometime in September.
[2] Plaintiff testified that beginning in January of 1978 he was paid straight commission only.
[4] The trial court found Mr. Comardelle was hospitalized for gastric pain due to a peptic ulcer rather than a heart attack. Because of our conclusion on the prescription issue, we need not discuss this matter.
[5] The majority opinion is reported at 393 So.2d 674.