STOKER, Judge.
The plaintiff filed suit for worker’s compensation benefits against the Evangeline Parish School Board and its compensation management service, Hall Risk Management Services. The trial court sustained the defendants’ peremptory exception of prescription and the plaintiff has appealed. We affirm the judgment of the trial court.
FACTS
The plaintiff, Linda Duos, was employed as a teacher and counselor by the Evangeline Parish School Board. In January of 1980 Mrs. Duos was admitted to the hospital for treatment of what was diagnosed as Crohn’s Disease. Crohn’s Disease is a debilitating disease of the gastrointestinal system which is often life-threatening during occurrences and can be fatal. The origin or cause of the disease is unknown, but it is a stress-related illness.
After the diagnosis of Crohn’s Disease was made, the plaintiff took a sabbatical leave from her teaching position for the remainder of the spring semester. Plaintiff was hospitalized for treatment on two other occasions during that year.
The plaintiff returned to work in September of 1980 and continued working without another hospitalization until February of 1982. During that period between September of 1980 and February of 1982, the disease was managed with drug therapy, rest and diet.
During the summer of 1982, plaintiff applied for disability retirement because of her recurrent health problems. Plaintiff started to teach the fall semester of 1982, but was hospitalized some ten days later due to a flare-up of the disease. After that hospitalization, plaintiff never again returned to work and her disability retirement became effective September 20, 1982.
On September 12,1983 this suit was filed to recover worker’s compensation benefits. Plaintiff alleged that her disease was initiated or aggravated by the stress and tension of her employment by the School Board which rendered her totally and permanently disabled.
The defendants filed a peremptory exception of prescription which was sustained by the trial court. Accordingly, judgment was rendered dismissing the plaintiff’s suit.
*1069 ISSUE ON APPEAL
The sole issue presented in this appeal is whether the plaintiffs action had prescribed by September 12, 1983 under either LSA-R.S. 23:1209 or LSA-R.S. 23:1031.-1(E).
In dealing with these prescription issues we do not reach nor pass on the question of whether plaintiffs condition may be considered a work-related accident or an occupational disease under the worker’s compensation law.
PRESCRIPTION UNDER LSA-R.S. 23:1209
LSA-R.S. 23:1209, as applicable, reads as follows:
“In case of 'personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.” (Emphasis added.)
Our analysis of the above stated law and its jurisprudence lead us to the following conclusion. If the plaintiffs condition should be considered a compensable “injury” resulting from a work-related “accident,” the date of the accident would necessarily be that time in January 1980 when the Crohn’s Disease was diagnosed. In that case, plaintiff’s cause of action would have prescribed by January 1981. Even if it should be considered that the “injury” developed subsequent to the “accident,” at most the plaintiff would have had until January 1982 to file her claim. See Gary v. Fidelity & Casualty Co. of New York, 158 So.2d 866 (La.App. 3d Cir.1963), writ refused, 160 So.2d 225, 245 La. 633 (1964).
The plaintiff contends that the criteria used to determine when prescription begins to run for a disability caused by an occupational disease [LSA-R.S. 23:1031.-1(E) ] should be applied in construing LSA-R.S. 23:1209. We disagree with that contention. Under LSA-R.S. 23:1031.1(E) the time of actual disability determines when prescription begins to run. We find no basis for a finding that a disability, not related to an occupational disease, can be used to extend the time limitation of LSA-R.S. 23:1209. The determination regarding Mrs. Duos’ total and permanent disability was made more than two years after the initial diagnosis.
We conclude, as did the trial court, that plaintiff’s claim filed on September 12, 1983 had prescribed under LSA-R.S. 23:1209.
PRESCRIPTION UNDER LSA-R.S. 23:1031.1(E)
LSA-R.S. 23:1031.1(E), as applicable to this case, reads as follows:
“E. All claims for disability arising from an occupational disease are barred unless the employee files a claim with his employer within six months of the date that:
(a) The disease manifested itself.
(b) The employee is disabled from working as a result of the disease.
(c) The employee knows or has reasonable grounds to believe that the disease is occupationally related.”
Plaintiff’s argument with regard to LSA-R.S. 23:1031.1 is that she is not bound *1070 by the six-month prescriptive period. She alleges that the School Board failed to post the notice of this time limitation, as required by LSA-R.S. 23:1031.1(1), thereby extending her prescriptive period from six months to one year. Our review of the record shows that plaintiff failed to carry her burden of proving that the notice was not posted. Accordingly, we find that the plaintiffs claim had prescribed under LSA-R.S. 23:1031.1(E). See Bell v. Gulf Insurance Company, 313 So.2d 277 (La.App.3d Cir.1975), writ refused 317 So.2d 627 (La.1975), and Comardelle v. Jeandron Chevrolet, Inc., 449 So.2d 601 (La.App. 1st Cir.1984), writ denied, 456 So.2d 1015 (La.1984).
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. The costs of this appeal are to be assessed to the plaintiff-appellant.
AFFIRMED.