501 So.2d 797 (1986)
Rosemary Pankratz, Wife of/and William PANKRATZ
v.
NOBLE DRILLING CORPORATION.
No. C-6215.
Court of Appeal of Louisiana, Fourth Circuit.
December 16, 1986.
*798 Gerald E. Meunier, Kierr, Gainsburgh, Benjamin, Fallon & Lewis, New Orleans, for plaintiff-respondents.
F. Lee Butler, Leslie A. Lanusse, Adams and Reese, New Orleans, for defendants-relators.
Before SCHOTT, BARRY and WILLIAMS, JJ.
SCHOTT, Judge.
We granted certiorari to consider the district court's denial of defendant's plea of prescription to plaintiffs' worker's compensation claim.
The facts are not disputed. On August 5, 1983 Mark Pankratz was involved in an accident while in the scope of his employment by Noble Drilling Corporation. He was reported to be missing, and was subsequently presumed dead. Rosemary and William Pankratz, the decedent's surviving parents, instituted a complaint for damages in federal court on December 21, 1983, naming as defendants, Noble Drilling Corporation, the decedent's employer, and Gulf Oil Company, the owner of the rig where the death occurred. The defendant, Noble, was granted its motion for summary judgment and all claims against Noble were dismissed on March 27, 1984.
On June 12, 1984, the Pankratzes filed a claim for death benefits with the United States Department of Labor under the Longshoremen and Harbor Worker's Compensation Act (LHWCA). On March 4, 1985 the Deputy Commissioner concluded that there was no entitlement to death benefits under the Act, and this decision became final 30 days thereafter.
On June 27, 1985, the Pankratzes filed a claim against Noble for death benefits with the Louisiana Office of Worker's Compensation which on July 29 issued its recommendation that this claim had prescribed by law. Plaintiffs filed this suit for worker's compensation benefits on September 23, 1985. Noble responded with exceptions of prescription and lack of subject matter jurisdiction which were overruled by the trial court. Noble applied to this court for a writ of review only as to the denial of the exception of prescription.
*799 Consideration of the statutory and code law on prescription begins with the Louisiana Worker's Compensation Act, LSA-R.S. 23:1209, which provides that worker's compensation claims for personal injuries are "forever barred unless within one year after the accident ... a formal claim has been filed with the office ..." Acknowledging that more than one year elapsed between the dates of the accident and the institution of a claim with the Office of Worker's Compensation, plaintiffs argue that the one year prescription period has been interrupted first by the institution of a suit in federal court and then by the filing of a claim under LHWCA.
Since more than one year elapsed from the date of the accident when the worker's compensation claim was filed, plaintiffs bear the burden of proving interruption of prescription. Comardelle v. Jeandron Chevrolet, Inc., 449 So.2d 601, (La.App. 1st Cir.); writ denied, 456 So.2d 1015 (1984). We have concluded that plaintiffs have borne this burden.
Plaintiffs had one year from August 5, 1983 to file their claim for worker's an action for workman's compensation benefits, unless there has been an interruption of prescription. R.S. 23:1209. Comardelle, supra. Plaintiffs filed a complaint for damages on December 21, 1983 in United States District Court, based on diversity of citizenship. This complaint states a cause of action in tort and clearly details the factual situation and the alleged tortious conduct upon which the suit is based. Although plaintiff's claim was dismissed on summary judgment because decedent was not a Jones Act seamen, the suit nontheless had the effect of interrupting prescription while the suit was pending. LSA-C.C. art. 3462. Thus, prescription began anew from the date the suit was dismissed, and plaintiffs had one year from March 27, 1984 to proceed against defendant pursuant to the Louisiana Worker's Compensation Act. C.C. art. 3466; Shillingford v. Homes, 426 So.2d 715 (La.App. 4th Cir.1983).
Defendant argues that since no claim for death benefits was filed prior to the expiration of the new one-year period, plaintiffs' claim against defendant has prescribed. However, this argument overlooks the subsequent claim which was timely filed by plaintiffs under the LHWCA on June 12, 1984, well within the one year period. Adjudication of this claim became final on April 4, 1985, thirty days after an opinion was rendered. This claim had the effect of further suspending the prescriptive period in accordance with the provisions of R.S. 23:1225(D). Under this statute, the filing of a claim under a federally enacted compensation plan suspends the one year prescriptive period established by R.S. 23:1209. The effect of suspension of prescription is covered by C.C. art. 3472, which provides:
The period of suspension is not counted toward accrual of prescription. Prescription commences to run again upon the termination of the period of suspension.
Therefore, the time remaining on the prescriptive period when the suspension commenced was the time left to file when the suspension ended. Since plaintiffs' had one year from March 27, 1984 to file and since they filed a claim under LHWCA on June 12, 1984, they expended 77 days in the interim, and had 288 days left after April 4, 1985 when the dismissal of the LHWCA claim became final. Thus, plaintiffs' claim filed with the Louisiana Office of Worker's Compensation June 27, 1985 was timely and the exception of prescription was properly overruled.
In its application, Noble argued that the claim prescribed because when the LHWCA claim was filed on June 12, 1984 prescription had been running from August 5, 1983 so that only 54 days remained. Recognizing that R.S. 23:1225(D) provided that the filing of the LHWCA claim would "suspend" prescription the issue was posed that after this suspension would plaintiffs be left with only 54 days to file their claims or would they have a new one-year period to file. The argument between the parties *800 was mainly directed to the interpretation of C.C. art. 3466 which deals with the effect of "interruption" as opposed to art. 3472's treatment of "suspension". Noble relied on art. 3472 to support of its argument that plaintiffs' claim prescribed. However, this argument overlooks the effect of the filing of the Jones Act suit by plaintiffs. In view of the result we have reached we need not resolve the issue growing out of art. 3472.
Noble acknowledges that the Jones Act suit was filed and dismissed on March 27, 1984 but would have us ignore the suit because it was not brought up in the trial court. We reject this argument. The fact is that the suit was filed and plaintiffs are entitled to argue the legal consequences flowing from this fact even though they did not argue the point in the trial court.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.