DOUCET, Judge.
This is an appeal from a judgment dismissing the plaintiff’s worker’s compensation claim pursuant to an exception of prescription.
On January 23, 1980, the plaintiff, Eugene Joseph Theriot, was injured in the course and scope of his employment for Oilfield Services of Louisiana, Inc. (Oilfield Services) while working on a drilling barge owned by Bay Drilling Corporation. On March 11, 1981, while still employed in the same manner, the employee again injured his knee. As a result, Fireman’s Fund Insurance Company (Fireman’s Fund), the worker’s compensation insurer of Oilfield Services, paid benefits. On July 14, 1981, Mr. Theriot filed a Jones Act claim in federal court against Bay Drilling Corporation and Oilfield Services. In April, 1981, Fireman’s Fund intervened in the federal suit to recover worker’s compensation benefits paid. In May, 1982, they terminated payment of benefits to Mr. Theriot.
The federal suit was tried in three parts. On March 21, 1983, the jury rejected seamen’s status. On October 23, 1983, a trial was held to determine Bay Drilling Corporation’s liability under § 5(b) of the Longshoreman and Harbor Worker’s Act.[1] On November 1, 1984, a judgment was entered limiting Mr. Theriot’s damages to those that were incurred as a result of the injury of March 11, 1981. On February 20, 1986, the U.S. Fifth Circuit Court of Appeal rendered an opinion upholding the denial of seaman status and the denial of a causal connection between the March 11, 1981 and January 23, 1980 accidents.
On October 7, 1986, Eugene Theriot filed this suit for worker’s compensation benefits against Fireman’s Fund. Fireman’s Fund filed an exception of prescription. That exception was upheld. The trial court reasoned that the federal suit did not interrupt the running of prescription on the worker’s compensation suit against Fireman’s Fund because Fireman’s Fund was not a defendant in the federal suit.
The plaintiff appeals.
La.R.S. 23:1209 provides that:
“A. In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or *44 death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and [1] in this Chapter. Where such payments'have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, ...” (Footnote omitted.)
Where more than one year has elapsed from the date of the accident, or the date of the last payment of benefits, when the worker’s compensation suit is filed, the plaintiff bears the burden of proving interruption of prescription. Pankratz v. Noble Drilling Corp., 501 So.2d 797 (La.App. 4th Cir.1986); Comardelle v. Jeandron Chevrolet, Inc., 449 So.2d 601 (La.App. 1st Cir.1984), writ denied, 456 So.2d 1015 (1985).
The plaintiff had one year from May 21, 1982 to file his claim for worker’s compensation benefits, unless there was an interruption of prescription.
The filing of a federal action under the Jones Act against an employer interrupts the prescription of a worker’s compensation claim, where the two claims are based on the same fact situation. Pankratz v. Noble Drilling Corp., supra. The plaintiff herein filed a suit for damages on July 14, 1981 in United States District Court. That complaint states a cause of action under the Jones Act. It details the factual situation and the conduct upon which the suit is based. The defendant herein intervened in the federal suit.
As this court stated in Totty v. Dravo Corp., 413 So.2d 684 (La.App. 3rd Cir.1982), at page 686:
“Further, our review of the entire record in the present case convinces us that the reasons for our Workmen’s Compensation statute requiring a claimant to file suit on his claim within one year are met here. Those reasons were explained in Harris v. Traders & General Ins. Co., 200 La. 445, 8 So.2d 289 (1942), as follows:”
“ * * The purpose of the requirement that a suit be brought by the claimant within one year after the accident under the penalty of barring his recovery is of a three fold nature; (1) to enable the employer to determine when his potential liability for an accident would cease; (2) as a matter of public policy to prevent suits based on stale claims where the evidence might be destroyed or difficult to produce; (3) to fix a statute of repose giving rise to a conclusive presumption of waiver of his claim on the part of an employee where he fails to bring his suit within the fixed period.”
In this case, as in Totty, these purposes were served by plaintiff’s filing a tort suit within the prescriptive period laid out in La.R.S. 23:1209. Fireman’s Fund was well aware of the facts and circumstances which gave rise to both the federal suit and the suit currently before this Court. While not actually a defendant in the federal suit, it voluntarily became a party to that suit. As a result we find that the filing of the federal suit did interrupt prescription of the worker’s compensation claim. Therefore we find that the plaintiff’s suit against the defendant for worker’s compensation benefits was filed timely. Accordingly, the judgment of the district court is reversed. Costs of this appeal are to be paid by defendant.
REVERSED.

. The record does not reflect the outcome of that hearing.