CANNELLA, Judge.
Plaintiff, Raymond J. Bourg (Bourg), appeals from a judgment in favor of defendants, Metal Building Products, Inc. (Metal Building) and its insurer, United States Fidelity and Guaranty Company (USF & G), sustaining their Exception Of Prescription and dismissing his worker’s compensation claim. For the following reasons, we affirm.
On September 6, 1985, Bourg, employed by Metal Building as a welder, was assisting in the construction of living quarters for an offshore platform. In the course of working, Bourg was injured and sustained, among other things, a fractured hip. USF & G, the worker’s compensation insurer of Metal Building, began paying Bourg compensation benefits and medical expenses under the Louisiana worker’s compensation statutes. The compensation benefits continued until July 14, 1988, when Bourg was released to return to work. Bourg did in fact return to work at that time and has continued his employment until the present. USF & G filed a Notice of Payment Suspension with the Louisiana Worker’s Compensation office on September 13, 1988, concerning the stopping of compensation payments to Bourg. Bourg never filed a disputed claim for compensation with the Louisiana Office of Worker’s Compensation until the present filing on January 18, 1992. Therein, Bourg sought renewed compensation benefits which will be required when he undergoes hip replacement surgery.[1]
On September 19, 1985, between the time of injury and the filing of the present claim, Bourg filed a claim with the U.S. Department of Labor, seeking benefits under the Longshoremen’s and Harbor Workers’ Act (LHWCA). On February 5, 1986, an informal conference was held before R.F. Ahern, a Claims Examiner for the U.S. Department of Labor. At that time Ahern advised Bourg and his attorney that Bourg was not covered by the LHWCA, since he was not a longshoreman. No further action was taken by anyone until October 18, 1989, more than three years later, when the file was administratively closed and Bourg was so notified. No action was taken by Bourg following this notification. The only other activity with regard to the LHWCA claim was when Bourg’s attorney forwarded medical reports to the claims examiner on October 14, 1986.
In response to Bourg’s January 18, 1992 claim with the Louisiana Office of Worker’s Compensation, the defendants filed an Exception Of Prescription. They argue that Bourg’s claim, filed over six years from the day of the accident and over three years from the date the last compensation payments, is prescribed. Bourg argues that the filing of a LHWCA claim with the U.S. Department of Labor suspended the running of the prescriptive period.
*149 On July 31, 1992 the Louisiana Office of Workers’ Compensation conducted a hearing on the prescription exception. The Hearing Officer agreed with Bourg that the filing of the LHWCA claim suspended the running of prescription on his state claim. However, he further held that the February 5, 1986 ruling by the Claims Examiner, to the effect that Bourg was not covered by the LHWCA, terminated that suspension of prescription. Within one year thereof, Bourg either had to contest the Claims Examiner’s recommendation or file with the Louisiana Workers’ Compensation office. Since he did neither, the Hearing Officer held that Bourg’s claim had prescribed. The judgment was rendered in open court on July 31, 1992 and read and signed on August 13, 1992.
Bourg appeals from this ruling and argues that the recommendation by the Claims Examiner did not constitute a formal dismissal of his claim under the LHWCA and, therefore, the suspension of the running of the state prescriptive period was ongoing at the time he filed his state claim. We disagree.
At the time of plaintiff’s accident, September 6, 1985, La.R.S. 23:1209, governing prescription of Louisiana workers’ compensation claims, provided, in pertinent part:
In case of personal injury, including death resulting therefrom, all claims for payment shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments being made under this chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this section in this chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment....
Further, in September of 1985, La.R.S. 23:1225(D)[2] provided in pertinent part:
The filing of a claim or suit pursuant to any federally enacted worker’s compensation plan shall suspend the prescription periods established by R.S. 23:1209.
Thus, it is clear that, under these provisions, the prescriptive period on Bourg’s state compensation claim was suspended by the filing of his claim with LHWCA. However, once the LHWCA claim is dismissed, the suspension of the prescriptive period ceases and the claimant would have no more than one year from the time of the dismissal to file his claim with the Louisiana Office of Workers’ Compensation. Pankratz v. Noble Drilling Corp., 501 So.2d 797 (La.App. 4th Cir.1986).
The administrative hearing officer held that the dismissal of the LHWCA claim of Bourg had occurred more than a year preceding the January 18, 1992 filing of the instant claim. We find no manifest error in this ruling.
On February 5, 1986, Bourg was notified that he did not have a claim under the LHWCA. He did not make an application for a hearing from this finding as provided in 33 U.S.C.A. § 919(c), so no hearing was ordered by the claims examiner. If no hearing is ordered within twenty days after notice, the claim shall be rejected by order of the deputy commissioner or his desig-nee, the claims examiner. 33 U.S.C.A. § 919(c). No further action was taken on Bourg’s claim until October 18, 1989. At that time Bourg’s claim was administratively closed and he was so notified. Bourg did not seek to set aside this order. We agree with the hearing officer that this constituted a termination and dismissal of Bourg’s LHWCA claim, allowing prescription of his state worker’s compensation claim to commence running again.
Since more than a year elapsed from the time of dismissal of the LHWCA claim, whether February 5, 1986 or October 18, 1989, to January 18, 1992 when Bourg filed his state claim, the latter is prescribed.
Furthermore, as alternatively argued by defendants, even if we did not find that Bourg’s LHWCA had been dismissed, the action would be deemed abandoned, and therefore, as never having occurred, *150 because of Bourg s failure to take any steps in its prosecution for over five years. La.C.C. art. 3463; La.C.C.P. art. 561. Five years from the last activity in the federal action is October 14, 1991, still prior to the January 18, 1992 filing herein.
The record sets forth the date of Bourg’s accident as September 6, 1985 and the date of the last payment of benefits as July 14, 1988. The instant claim was filed on January 18, 1992. Since more than a year has elapsed from the date of the accident or the date of the last compensation payment and the filing of this claim, it is Bourg’s burden to prove the interruption or suspension of prescription that would make his claim timely. Callahan v. Louisiana Offshore Caterers, 546 So.2d 956 (La.App. 3rd Cir.1989); Comardelle v. Jeandron Chevroler, Inc., 449 So.2d 601 (La.App. 1st Cir.1984), writs denied, 456 So.2d 1015 (La.1984). The hearing officer found that Bourg had not met his burden. We find no manifest error in that finding.
Accordingly, for the reasons stated above, we affirm the decision of the hearing officer, sustaining defendants Exception Of Prescription and dismissing Bourg’s claim for future compensation benefits relative to the September 6, 1985 accident. Costs of this appeal are to be shared equally by the parties.

AFFIRMED.

. The present dispute only concerns compensation benefits, not medical expenses. The latter have always been paid and continue to be paid.

. La.R.S. 23:1225 was amended by Act No. 454 of 1989, repealing subsection (D) thereof.