835 So.2d 550 (2002)
Terry Joseph MIRE
v.
RANGER PLANT CONSTRUCTIONAL COMPANY, INC.
No. 2001 CA 2247.
Court of Appeal of Louisiana, First Circuit.
September 27, 2002.
*551 David C. Vidrine, Jonathan B. Andry, New Orleans, Counsel for Plaintiff/Appellant Terry Joseph Mire.
Frank R. Whiteley, Bradley P. Naccari, Metairie, Counsel for Defendant/Appellee Ranger Plant Constructional Company, Inc.
Before: FITZSIMMONS, GUIDRY, and PETTIGREW, JJ.
GUIDRY, J.
Claimant appeals a judgment sustaining an exception raising the objection of prescription to his occupational disease claim. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
The claimant in this workers' compensation suit, Terry Joseph Mire, was hired as a welder by Ranger Plant Constructional Company, Inc. (Ranger) on February 19, 1999, after successfully completing an on-site welding test. His first and only day of actual employment with Ranger occurred the following day, Friday, February 20, 1999, at a construction site in Garden City, Louisiana. On reporting to work on February 20, 1999, Mire was instructed to perform structural welding on a pipe rack, which consisted of welding I-beams, channel iron, and angle irons, and was constructed to hold rows of pipe. In performing this assignment, Mire was obliged to work above ground in a confined space and a mechanical lift was used to maneuver him into position. Mire was instructed to perform the structural welding because the pipe rack, which was made of prefabricated, galvanized (zinc coated) iron that had been bolted together, did not fasten together securely. Mire was required to cut portions of the pipe rack so that structure could be bolted together more securely. While welding the galvanized iron, plumes of chemical smoke were allegedly produced, which caused Mire to cough and choke on the fumes. Mire only wore a welding hood and a cloth facemask that covered his nose and mouth for protection.
By early afternoon, Mire, who had reported to work around 7 a.m., began experiencing severe flu-like symptoms, consisting of coughing, fever, and chills. As a result of his symptoms, Mire decided to quit work early that day because he felt too ill to properly perform his assigned duties. Mire left work and drove straight to his home in Franklin, Louisiana, where *552 he went straight to bed. Mire also called his sister, Vivian Mire, and her boyfriend with whom she resided, Fred Walker, to inform them that he was sick. When Mire's health did not improve over the weekend, his sister and Walker took him to a doctor in Jeanerette, Louisiana. On examining Mire, the doctor immediately ordered that Mire be transported, by ambulance, to the University Medical Center in Lafayette.
While hospitalized, Mire lapsed into a coma and his condition ultimately required that a tracheostomy tube be placed in his throat and a feeding tube in his stomach. Mire was in a coma for approximately two months. He was diagnosed as having contracted chemical bacterial pneumonia with attendant adult respiratory distress syndrome (ARDS). After regaining consciousness, Mire was first transferred to a nursing home facility in Houma, Louisiana, and later to a nursing home in Franklin, Louisiana where he could be closer to his sister. Mire's health eventually improved enough for the removal of all life support and feeding apparatus and for him to be released from the nursing home in Franklin to return to his own home. Nevertheless, Mire still suffers from lingering symptoms of his illness, consisting mainly of poor balance, dizziness, nausea caused by loud noises or swift movement, and a slight hoarseness due to the placement of the tracheostomy tube in his throat.
In the week prior to the February 20, 1999 incident, Mire was involved in two, single-car, motor vehicle accidents. The first accident occurred while Mire was driving on a wet roadway and his truck slid into a ditch. After having a wrecker pull his truck out of the ditch, Mire did not observe anything to be wrong with his truck. However, a couple of days later, as Mire was again driving his truck, the steering column broke in half, and the two front tires on his truck split apart causing the truck's airbag to deploy and the vehicle to again run into a ditch. The airbag did not rupture and Mire only noted some soreness to his hip following the second accident.
On February 18, 2000, Mire filed a disputed claim for compensation alleging the following: "Mr. Mire, despite his specific request was not provided with proper respiratory protective equipment. He was exposed to fumes from cutting and welding on galvanized/coated iron from 8 a.m. to 11:30 a.m. on 2/20/99. After lunch, Mire had to leave work and go home because he was so sick." Ranger answered Mire's petition asserting an exception raising the objection of vagueness and generally denying that Mire was due any compensation benefits.
In the course of the proceedings before the workers' compensation judge (WCJ), a motion for a declaratory judgment was filed by Ranger requesting a finding that Mire's workers' compensation claim was for a disability arising from an occupational disease. By a judgment signed on May 4, 2001, the WCJ decreed that "the burden of proof in the workers' compensation claim of Terry J. Mire shall be governed by the definition of occupational disease as provided by LSA-R.S. 23:1031.1" Thereafter, Ranger filed an exception raising the objection of prescription to Mire's occupational disease claim. Following a hearing held on June 7, 2001, the WCJ signed a judgment sustaining the exception, and this appeal followed.

ASSIGNMENT OF ERROR
In this appeal, Mire contends that the WCJ committed prejudicial error in finding that a six-month, rather than twelve-month, prescriptive period applied to his occupational disease claim. Mire also alleges that the WCJ failed to establish the *553 date when Mire knew or had reason to know that his disease was occupationally related.

DISCUSSION
Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception, however, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show that the action has not prescribed. Campo v. Correa, 01-2707, p. 7 (La.6/21/02), 828 So.2d 502, 507. The prescriptive period applicable to a claim arising from an occupational disease is found in La. R.S. 23:1031.1(E), as it existed at the time Mire was injured.[1]See Williams v. BET Construction, 00-1765, pp. 6-7 (La.App. 1st Cir.11/9/01), 818 So.2d 21, 25. La. R.S. 23:1031.1(E) then provided:
E. All claims for disability arising from an occupational disease are barred unless the employee files a claim with his employer within six months of the date that:
(a) The disease manifested itself.
(b) The employee is disabled from working as a result of the disease.
(c) The employee knows or has reasonable grounds to believe that the disease is occupationally related.
Notice filed with the compensation insurer of such employer shall constitute a claim as required herein.
Accordingly, in order to determine when prescription began to run on Mire's occupational disease claim, a determination must first be made as to when all three elements of La. R.S. 23:1031.1(E) were met. Bynum v. Capital City Press, Inc., 95-1395, p. 6 (La.7/2/96), 676 So.2d 582, 586. The record clearly shows and the parties do not dispute that Mire's disease manifested itself and he was disabled from working on February 20, 1999. Thus, the only element left to be determined is when Mire knew or had reasonable grounds to believe that the disease was occupationally related. Although the WCJ did not state on what date he found that Mire knew or had reasonable grounds to believe the disease contracted by him was occupationally related, the record clearly supports a finding that by mid-May 1999, Mire knew or had reasonable grounds to believe the disease was occupationally-related based on the deposition testimony of Mire.
In his deposition testimony, Mire explained that in May 1999 he understood that his condition was the result of chemical pneumonia. He stated that he related that understanding to the nursing staff at the Houma nursing home. Also in that deposition testimony, Mire emphatically reasoned that he knew the two motor vehicle accidents the week prior to February 20, 1999, did not cause his condition because he had been able to take the pipe test on February 19, 1999. Hence, based on his own testimony, there is proof in the record that Mire knew or had reason to believe that the disease contracted by him was occupationally related as early as May 1999.
Having determined when Mire knew or reasonably should have believed that he had contracted an occupational disease, all that remains to be reviewed is the WCJ's determination that the six-month prescriptive period found in La. R.S. 23:1031.1(E) applies to Mire's claim. On appeal, Mire asserts that this determination by the WCJ was erroneous based on Ranger's failure to prove that it had posted at its *554 place of business the time limitations applicable to an occupational disease claim pursuant to La. R.S. 23:1031.1(I).[2] That provision states:
I. Notice of the time limitation in which claims may be filed for occupational disease or death resulting from occupational disease shall be posted by the employer at some convenient and conspicuous point about the place of business. If the employer fails to post this notice, the time in which a claim may be filed shall be extended for an additional six months.
Mire cites to dicta in the case of Thornell v. Payne and Keller, Inc., 442 So.2d 536 (La.App. 1st Cir.1983), writ denied, 445 So.2d 1231 (La.1984), in which the court observed that no evidence appeared in the record to show that notice required under La. R.S. 23:1031.1(I) had been posted. Nevertheless, the court found that the plaintiff's action had not prescribed, having been filed within the six-month prescriptive period. Thornell, 442 So.2d at 541.
However, another case, Duos v. Evangeline Parish School Board, 499 So.2d 1067 (La.App. 3rd Cir.1986), dealt with an occupational disease claim in which the claimant failed to file a claim with her employer within the six-month prescriptive period. In that case, the court expressly found that the plaintiff bore the burden of proving that her employer failed to post the requisite notice based on the general rule that when prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show that the action has not prescribed. See Duos, 499 So.2d at 1070.
On the face of his petition, Mire's occupational disease claim had prescribed. Therefore Mire, and not Ranger, had the burden of proving whether the requisite notice provided under La. R.S. 23:1031.1(I) was posted. Failing such proof, we find no error in the WCJ's determination that Mire's claim had prescribed.

CONCLUSION
Therefore, based on the foregoing discussion, we affirm the judgment of the WCJ dismissing Mire's claim as prescribed. All costs of these proceedings are cast to the appellant, Terry Joseph Mire.
AFFIRMED.
NOTES
[1] Subsection (E) of La. R.S. 23:1031.1 was amended by Acts 2001, No. 1189, § 1, effective June 29, 2001, and now provides a one-year prescriptive period for notice of occupational disease claims.
[2] We note that Mire did not allege or raise this issue in the proceedings below.