J¿GUIDRY, J.
Claimant, who allegedly suffered a non-disabling, work-related injury while .on navigable waters that developed into a disabling injury following a second work-related accident on land, appeals two judgments sustaining exceptions raising the objections of prescription and lack of subject-matter jurisdiction.
FACTS AND PROCEDURAL HISTORY
In the fall of 1993, Philip J. Daigle, Sr., was employed by Shelby J. Gaudet Contractors, Inc. (Shelby Gaudet) as a welder. While employed by Shelby Gaudet, Daigle was allegedly involved in two work-related accidents. The first accident occurred on October 19, 1993, on a crane barge in the Atchafalya Spillway. Daigle was working on the barge when he fell backwards over an angle iron, injuring his back. The second accident occurred on November 3, 1993 when he attempted to lift a piece of iron while working for Shelby Gaudet in a fabrication shop in Grand Bayou. Shelby Gaudet began voluntarily paying Daigle temporary total disability benefits on November 5, 1993 for the November 3, 1993 accident.
While Shelby Gaudet was voluntarily paying him disability benefits, Daigle filed two suits related to the October 19, 1993 accident. The fust suit was a Jones Act claim filed on November 22, 1994, in the Twenty-third Judicial District Court. Three years later, on June 25,1997, Daigle filed a Longshore and Harbor Workers’ Compensation Act (LHWCA) claim with U.S. Department of Labor. On October 22, 1997, Shelby Gaudet issued its last disability payment to Daigle. On August 23, 1999, Daigle filed a disputed claim for compensation with the Office of Workers’ Compensation against Shelby Gaudet, claiming that he was totally and permanently disabled as a result of both the October 19, 1993, and the November 3, 1993 [1] accidents, and thereby entitled to continued indemnity benefits. In the | adisputed claim for compensation, Daigle averred that both his Jones Act and LHWCA claims were still pending.
Shelby Gaudet answered Daigle’s suit, denying that it owed any further compensation benefits, and later filed exceptions asserting lack of subject matter jurisdiction and prescription, which were sustained by the workers’ compensation judge (WCJ) in separate judgments signed on December 4, 2000.[2] Daigle appeals both judgments.
DISCUSSION
In this appeal, Daigle asserts that the WCJ erred in sustaining the exceptions based on the timely filing of his Jones Act and LHWCA claims and his assertion that the two accidents were interrelated.
*557 Daigle filed his Jones Act claim on November 22, 1994. The suit was deemed abandoned effective September 22, 1998.[3] Louisiana Civil Code article 3463 provides that the interruption of prescription is considered never to have occurred if the plaintiff abandons the action. Thus, the filing of Daigle’s Jones Act claim, which was later abandoned, cannot operate to toll prescription on his state workers’ compensation claim.
The time limitations for filing a state workers’ compensation claim are found in La. R.S. 23:1209A. That statute provides that if the parties do not agree upon payments, a claimant must file a formal claim for compensation within one year Rafter the accident for which claim is made or his claim shall be forever barred. However, La. R.S. 23:1209A also provides that if prior to the running of prescription, the employer voluntarily commences payments, then prescription is interrupted and does not commence to run again until the last payment is made by the claimant’s employer.
We will first discuss the correctness of the WCJ’s judgment sustaining the exception objecting to subject matter jurisdiction. Louisiana Revised Statutes 23:1035.2 provides that “[n]o compensation shall be payable in respect to the disability or death of any employee covered by the Federal Employer’s Liability Act, the Longshoremen’s and Harbor Worker’s Compensation Act (sic), or any of its extensions, or the Jones Act.” (Emphasis added). As further discussed, the October 19, 1993 accident is clearly cognizable under the LHWCA.
In order to qualify for coverage under the LHWCA, a claimant must meet a two-part status and situs standard. Bienvenu v. Texaco, Inc., 164 F.3d 901, 904 (5th Cir.1999). The situs test under this standard simply requires a finding that the accident occurred upon the navigable waters of the United States. Bienvenu, 164 F.3d at 904. Whereas, the status test requires that the accident occur while the employee is engaged in the course of his employment on navigable water and that the employee’s presence on the water is neither transient or fortuitous. Bienvenu, 164 F.3d at 908.
The parties to this matter do not dispute that the October 19, 1993 accident occurred on navigable waters of the United States; nor is there any dispute regarding whether Daigle was in the course and scope of his employment at the time his injury was sustained. Furthermore, based on Daigle’s deposition testimony, the work he performed while aboard the crane barge on October 19, 1993, was an essential part of his assigned duties that included helping to install approximately 16,000 feet of three-inch pipe over water and performing | .¡preparatory welding work. Therefore, based on the evidence in the record before us, coverage is provided under the LHWCA for the October 19, 1993 accident. Hence, we find no error in the WCJ’s determination that he lacked subject matter jurisdiction to render an award under the state workers’ compensation act for Daigle’s claim based on the October 19, 1993 accident.
Nevertheless, Daigle argues that the WCJ erred in sustaining the exception objecting to lack of subject matter jurisdic *558 tion because the injuries sustained by him in the October 19, 1993 and November 3, 1993 accidents were so “interwoven” as to justify the assertion of jurisdiction by the WCJ. We -will address this argument presently in our review of the judgment sustaining the exception of prescription.
On November 5, 1993, Shelby Gaudet voluntarily commenced payment of benefits to Daigle related to the November 3, 1993 accident and made its last payment on October 22, 1997. Accordingly, excepting any other action by Daigle, his claim for compensation based on the November 3, 1993 accident would have prescribed, by operation of law, on October 22, 1998. See La. R.S. 23:1209A. Daigle maintains, however, that the two accidents are so “interwoven” that the June 25, 1997 filing of the LHWCA claim should suspend prescription as to the November 3, 1993 accident; and likewise, because the November 3, 1993 accident is cognizable, barring prescription, under the state workers’ compensation act, the October 19, 1993 accident should be also. He nevertheless acknowledges that the two incidents were two separate and distinct occurrences.
Because the two accidents were separate and distinct incidents, and finding that the October 19, 1993 accident falls under the LHWCA, we conclude that the October 19, 1993 accident cannot serve to interrupt prescription as to a state workers’ compensation claim based on the November 3, 1993 accident. Daigle cites to the case of Pankratz v. Noble Drilling Corp., 501 So.2d 797 (La.App. 4th | fiCir.l986), to stand for the proposition that a LHWCA claim can suspend prescription on a state workers’ compensation claim. However, that case is factually distinguishable from the case before us in two ways. First, that case was based on an assertion by the claimants that their LHWCA claim interrupted prescription on a state workers’ compensation claim based on the same accident Pankratz, 501 So.2d at 799. Second, at the time of the employee’s accident in Pankratz, the state workers’ compensation act expressly provided that the “filing of a claim or suit pursuant to any federally enacted worker’s compensation plan shall suspend the prescription periods established by R.S. 23:1209.” La. R.S. 23:1225(D) (repealed January 1, 1990) (emphasis added).
Thus, we agree with the WCJ’s determination that the only cognizable claim under the state workers’ compensation act, that being the November 3, 1993 accident, was prescribed.
CONCLUSION
Accordingly, we affirm the judgments of the WCJ sustaining the exceptions urging lack of subject matter jurisdiction and prescription. All costs are assessed to the appellant, Philip J. Daigle.
AFFIRMED.

. In his disputed claim for compensation, Daigle erroneously stated November 5, 1993, as the date of his second accident. However, because the record shows the correct date to be November 3, 1993, we will refer to that date in this opinion.

. Shelby Gaudet actually filed two exceptions urging the objection of prescription. The initial filing was denied by the WCJ in a judgment signed April 10, 2000. Shelby Gaudet then filed an exception raising the objection of lack of subject matter jurisdiction. The WCJ sustained the exception objecting to subject matter jurisdiction, but signed a judgment erroneously granting Shelby Gaudet a motion for summary judgment on October 30, 2000. In light of the WCJ’s determination regarding the exception objecting to subject-matter jurisdiction, Shelby Gaudet re-urged its exception of prescription. In written judgments signed December 4, 2000, the WCJ sustained both exceptions.

. Louisiana Code of Civil Procedure article 561, as amended and made effective July 1, 1998, provides that an action is abandoned if no step has been taken in its prosecution or defense for a period of three years and is operative without forma order. In this case, the last step taken in Daigle’s Jones Act suit occurred on September 22, 1995, the date noticed by counsel for Daigle for the taking of Shelby Gaudet’s deposition.