Judgment rendered April 10, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,480-WCA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

MONTREAL LINN                                  Plaintiff-Appellant

versus

OUACHITA PARISH POLICE                         Defendant-Appellee
JURY

* * * * *

Appealed from the
Office of Workers' Compensation, District 1-E
Parish of Ouachita, Louisiana
Trial Court No. 22-06587

Brenza Irving Jones
Workers' Compensation Judge

* * * * *

MONTREAL LINN                                  Pro Se


JAMES M. EDWARDS, LLC                          Counsel for Appellees,
By: James M. Edwards                           Ouachita Parish Police
                                               Jury and Ouachita
                                               American Job Center

* * * * *

Before STONE, ROBINSON, and ELLENDER, JJ.

**ELLENDER, J.**

Montreal Linn ("Linn") contracted COVID during the time he was employed as a sanitation worker for the Ouachita Parish Police Jury ("OPPJ"). Following his illness, Linn filed an untimely workers' compensation claim, which was dismissed on an exception of prescription. We affirm.

## FACTS

Linn was hired by the OPPJ on September 13, 2021, through a government grant program entitled "Ouachita American Job Center" and was assigned as a sanitation worker in Monroe at both the Henrietta Johnson and Emily P. Robinson Recreation Centers. Linn alleged he contracted COVID on October 16, 2021, during a fall festival at the Johnson Center, later tested negative on October 26, returned to work on October 28, and was released to full work duties on November 3. Linn was terminated for unrelated reasons on December 21, 2021. Following his termination, Linn contacted multiple state agencies attempting to file various grievances and claims for discrimination, wrongful termination, and pay.

Self-represented, Linn filed a disputed claim on December 20, 2022, with the Office of Workers' Compensation ("OWCA") in which he designated his injury as COVID and checked three boxes on the claim form that applied to his dispute, which read: (1) no wage benefits have been paid, (2) occupational illness, and (3) wage benefits terminated or reduced. In this claim, Linn incorrectly listed his employer as Ouachita American Job Center, but the OPPJ was later stipulated as his employer in a responsive pleading.

In January 2023 the OPPJ filed a peremptory exception of prescription alleging more than one year had lapsed prior to Linn filing his claim. A hearing was held on the exception in February 2023 where Linn claimed he sent multiple emails following his illness to OWCA, and several other state agencies, but no one provided him with the proper information to file a claim. In response to questioning by the workers' compensation judge ("WCJ") as to why he was now able to file a claim, Linn said he was given the information by an unidentified source. On multiple occasions during the hearing, the WCJ allowed Linn every opportunity to provide information that might help his position, even giving him a recess to obtain additional documentation. One of the items Linn provided was a copy of an email thread dated June 8-9, 2022, between Linn and OWCA in which he was informed they were not a proper party representative, nor did they have jurisdiction in the matter. The copy of the thread did not include the substance of the message originally sent by Linn to OWCA or the substance of any other subsequent communications. At the conclusion of the hearing, the WCJ granted the OPPJ's exception and dismissed Linn's claim. This appeal followed.

## DISCUSSION

Linn, also self-represented on appeal, submitted a handwritten document, with attachments, to this Court styled "Motion for New Trial and Brief" that is devoid of any assignments of error and basically just asks this Court to reverse the judgment of the WCJ; this does not satisfy the requirements for a brief found in URCA 2-12.4. When no errors are designated, the court is confined to reviewing only errors discoverable by mere inspection of the pleadings and proceedings without inspection of the evidence. La. C. Cr. Pr. art. 920; *State v. Oliveaux*, 312 So. 2d 337 (La.

2

1975); *State v. Dilley*, 440 So. 2d 826 (La. App. 2 Cir. 1983). In the interest of justice, this Court will read pro se filings indulgently and attempt to discern the thrust of the appellant's position on appeal and the relief he seeks. *Fobbs v. CompuCom Sys., Inc.*, 55,173 (La. App. 2 Cir. 9/27/23), 371 So. 3d 1146; *Magee v. Williams*, 50,726 (La. App. 2 Cir. 6/22/16), 197 So. 3d 265. However, even with the latitude extended to a pro se litigant in the form of liberally construed pleadings, he is required to meet his burden of proof. *Id.*

The WCJ dismissed Linn's action pursuant to a peremptory exception of prescription, which alleged the one-year prescriptive period for filing a workers' compensation claim involving an occupational illness had lapsed. La. R.S. 23:1031.1(E) provides:

> All claims for disability arising from an occupational disease are barred unless the employee files a claim as provided in this Chapter within one year of the date that:
>
>   (1) The disease manifested itself.
>
>   (2) The employee is disabled from working as a result of the disease.
>
>   (3) The employee knows or has reasonable grounds to believe that the disease is occupationally related.

All three of these elements must be satisfied before prescription begins to run on an occupational disease claim. *Bynum v. Capital City Press*, 95-1395 (La. 7/2/96), 676 So. 2d 582; *City of Bossier City v. Colvin*, 45,278 (La. App. 2 Cir. 5/19/10), 36 So. 3d 1207. When a workers' compensation claim has prescribed on its face, the claimant has the burden of showing that prescription has been interrupted or suspended in some manner. *Causby v. Perque Floor Covering,* 97-1235 (La. 1/21/98), 707 So. 2d 23; *Millican v. Gen. Motors Corp.*, 34,207 (La. App. 2 Cir. 11/1/00), 771 So. 2d 234, *writ denied*, 01-0001 (La. 3/24/01), 788 So. 2d 426. The prescriptive periods

3

under the Workers' Compensation Act are liberally construed to maintain rather than bar a claimant's action. *Thomas v. Hollywood Casino*, 44,271 (La. App. 2 Cir. 5/13/09), 13 So. 3d 717.

Linn failed to provide any evidence to suggest the prescriptive period for his claim was interrupted or suspended. Following its ruling, the WCJ submitted written reasons for judgment concluding none of the multiple documents, filings, and complaints made by Linn amounted to filing for workers' compensation benefits, thus there was no interruption of the prescriptive period. We agree. The documents submitted by Linn included his medical records, work agreement, employment file, correspondence with the City of Monroe, the record of his grievance filed with the Division of Administrative Law which was dismissed, and the denial of his discrimination complaint filed with the Equal Opportunity and Compliance Division of OWCA. None of these documents, even when liberally construed, asserted a claim for workers' compensation benefits.

Our review of the record shows that on October 16, 2021, Linn developed COVID, which he claims to have contracted while working, and, as a result, missed two weeks of work. Taking this allegation as true, the prescriptive period for any potential claim of occupational illness began to run on October 16, 2021, the day all three of the events set forth in La. R.S. 23:1031.1(E) occurred: (1) Linn's condition manifested itself, (2) he was disabled from working as a result of this condition, and (3) he reasonably believed the condition was occupationally related. Linn's illness lasted only about two weeks and he returned to full work duties on November 3, 2021. By the time Linn submitted his claim to OWCA, on December 20, 2022, the one-year prescriptive period had already lapsed. In light of this, and the

4

absence of any evidence provided by Linn to support an interruption or suspension of prescription, we are compelled to find the WCJ properly granted the OPPJ's exception of prescription and dismissed Linn's action.

As noted, Linn has not made any allegations which would interrupt the one-year prescriptive period, but we still find it appropriate to note this period can be extended by an additional six months if the employer failed to post notice pursuant to La. R.S. 23:1031.1(I):

> Notice of the time limitation in which claims may be filed for occupational disease or death resulting from occupational disease shall be posted by the employer at some convenient and conspicuous point about the place of business. If the employer fails to post this notice, the time in which a claim may be filed shall be extended for an additional six months.

Linn bears the burden of showing such notices were not posted, *Mire v. Ranger Plant Const. Co.*, 01-2247 (La. App. 1 Cir. 9/27/02), 835 So. 2d 550; *Duos v. Evangeline Par. Sch. Bd.*, 499 So. 2d 1067 (La. App. 3 Cir. 1986), and the record supports he has failed to do. On the contrary, the OPPJ submitted multiple exhibits to the trial court which showed several postings throughout Linn's place of employment reflecting the one-year period in which to file a claim in full compliance with the provisions of La. R.S. 23:1031.1(I).

## CONCLUSION

We affirm the decision granting the Ouachita Parish Police Jury's exception of prescription dismissing Montreal Linn's claim for workers' compensation benefits. All costs are assessed to Linn to the extent allowed by La. C.C.P. art. 5188.

**AFFIRMED.**

5