934 So.2d 172 (2006)
Janie ALLEN (Matthews)
v.
STATE of Louisiana, Louisiana School for the Deaf.
No. 2005 CA 1076.
Court of Appeal of Louisiana, First Circuit.
May 5, 2006.
*173 Janie Allen, Baton Rouge, In Proper Person Plaintiff-Appellant.
Charles C. Foti, Jr., Attorney General, John G. Morgan, Assistant Attorney General, Baton Rouge, Counsel for Defendant-Appellee Louisiana School for the Deaf.
Before: KUHN, GUIDRY, and PETTIGREW, JJ.
GUIDRY, J.
Plaintiff, Janie Allen (Allen), appeals a judgment of the Office of Workers' Compensation granting an exception raising the objection of prescription to her occupational disease claim. For the reasons that follow, we reverse and remand.

FACTS AND PROCEDURAL HISTORY
Allen was employed by the Louisiana School for the Deaf (the School). In February 2003, bats were discovered living inside the warehouse in which Allen worked. After experiencing what she called "sinus/allergy" problems from the smells at work, she requested sick leave. She alleged that her problems ceased once the School removed the bats and chemical smells from the warehouse.
Under the advisement of co-workers, Allen filed a claim form 1008 with the Office of Workers' Compensation (OWC) on May 7, 2004, seeking workers' compensation benefits for the alleged illness she developed in 2003. She claims that she began treatment for this illness on March 25, 2003. An amended claim form was filed on August 18, 2004, through Allen's attorney of record, alleging again that she was first diagnosed for mold/bat guano inhalation on March 25, 2003.
The defendant-appellee, the State of Louisiana, through the Louisiana School for the Deaf, in turn filed an exception raising the objection of prescription. A judgment was rendered granting the exception and dismissing the case with prejudice. Allen now appeals from this judgment.

ASSIGNMENT OF ERROR
In this appeal, Allen contends that the workers' compensation judge erred in finding that her claim for disability arising from an occupational disease prescribed.

*174 DISCUSSION
Although the exceptor generally bears the burden of proof at the trial of the peremptory exception, when prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show that the action has not prescribed. Mire v. Ranger Plant Const. Co., Inc., 01-2247, p. 4 (La.App. 1st Cir.9/27/02), 835 So.2d 550, 553. Under Louisiana law,
All claims for disability arising from an occupational disease are barred unless the employee files a claim as provided in this Chapter within one year of the date that:
(1) The disease manifested itself.
(2) The employee is disabled from working as a result of the disease.
(3) The employee knows or has reasonable grounds to believe that the disease is occupationally related.
La. R.S. 23:1031.1(E). The Louisiana Supreme Court, in Bynum v. Capital City Press, Inc., 95-1395 p. 5 (La.7/2/96), 676 So.2d 582, 586, interpreted this statute to state that the three factors are not separated, but all are necessary for the prescriptive period to commence. Accordingly, in order to determine when prescription began to run on Allen's occupational disease claim, a determination must first be made as to when all three elements of La. R.S. 23:1031.1(E) were met. Bynum, 95-1395 at p. 6, 676 So.2d at 586.
The elements relating to the time in which the disease manifested itself and the time in which Allen knew or had reasonable grounds to believe that the disease was occupationally related, according to the record, are not at issue. In Allen's brief, she states that the bats were discovered living inside the School's warehouse in February 2003. She also states that the bats' urine and droppings, the fogging chemicals, along with the "Bat Scat and Snake Away Chemicals" caused her to develop "sinus/allergy" problems. Additionally, both the originally filed claim form and the amended claim form state that Allen's treatment for the illness began on March 3, 2003. Lastly, the medical records dated March 25, 2003, state "52 year old white female wheezes and coughs with bat guano." These facts show that the disease manifested itself in February of 2003, and that Allen had reasonable grounds to believe that the disease was occupationally related.
Additionally, the statute requires that an employee file a claim within one year of the date that claimant is disabled from working as a result of the disease. La. R.S. 23:1031.1(E). Our review of the record discloses that no evidence was submitted to support if or when Allen was actually disabled. Since this element is not evident on the face of the petition, the burden of proof remained with the defendant. Without proof of when Allen was disabled, the defendant has not made the requisite showing of when the prescriptive period commenced. Therefore, the defendant was not entitled to judgment sustaining the exception raising the objection of prescription.
Based on the foregoing, we pretermit Allen's remaining assignments of error.

CONCLUSION
Accordingly, based on the law and the evidence presented, we reverse the judgment of the OWC and remand this matter for further proceedings. Court costs of $221.45 for this appeal are assessed against the defendant-appellee, State of Louisiana, through the Louisiana School for the Deaf.
REVERSED AND REMANDED.
KUHN, J., dissenting.
I disagree with the majority's disposition, reversing the dismissal of claimant's *175 petition for benefits by the Office of Workers' Compensation (OWC). As the majority correctly states, because prescription was evident on the face of her petition, claimant bore the burden of proving that her claim was not prescribed, i.e., that it was duly interrupted or suspended. See Jonise v. Bologna Brothers, XXXX-XXXX, p. 6 (La.6/21/02), 820 So.2d 460, 464. After correctly stating that all three elements of La. R.S. 23:1031.1 must be established, the majority incorrectly places the burden of proving the element of establishing when claimant was disabled from working onto the Louisiana School for the Deaf, ostensibly because the petition failed to allege sufficient facts to establish that date. On the hearing of the exception, it was incumbent on claimant to produce evidence sufficient to establish the date that she became disabled from working so as to support the second element of her burden of proof. This she did not do and, therefore, OWC properly dismissed her lawsuit. Accordingly, I dissent.