STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 1549 C/W 2019 CA 1550

ACADIAN PROPERTIES NORTHSHORE, L.L.C.

VERSUS

LOUIS FITZMORRIS, IN HIS CAPACITY AS ST. TAMMANY PARISH
ASSESSOR, RODNEY J. STRAIN, JR., IN HIS CAPACITY AS EX-OFFICIO
TAX COLLECTOR, AND THE LOUISIANA TAX COMMISSION

Judgment Rendered:    NOV 1 2 2020

********

Appealed from the 22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Case No. 2014-13001, 2015-12803

The Honorable Reginald T. Badeaux, III Judge Presiding

********

Lawrence R. Plunkett, Jr.          Counsel for Plaintiff/Appellant
Metairie, LA                        Acadian Properties Northshore, LLC

Patrick J. Berrigan                Counsel for Defendant/Appellee
Slidell, LA                         Louis Fitzmorris, in his capacity as
                                    St. Tammany Parish Assessor

********

BEFORE:  HIGGINBOTHAM, PENZATO AND LANIER, JJ.

_Penzato, J., agrees in part, concurs in part and assigns reasons_

_Higginbotham, J. concurs in the result as I agree with the majority that summary judgment was not appropriate in this case._

**LANIER, J.**

Plaintiff/Appellant, Acadian Properties Northshore, L.L.C. (Acadian), appeals the judgment of the 22nd Judicial District Court, which granted the cross-motion for summary judgment filed by the Defendant/Appellee, Louis Fitzmorris, in his capacity as St. Tammany Parish Assessor (the Assessor), and dismissed Acadian's motion for summary judgment. The Assessor has also filed a peremptory exception raising the objection of prescription with this court. For the following reasons, we deny the peremptory exception, reverse the trial court, and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Acadian owns an eight-acre parcel of land in St. Tammany Parish. Beginning in 2008, the property was assessed as "bona fide timberland," which meant its assessed valuation was determined based on the parcel's use value instead of its fair market value. See La. Const. art. VII, § 18; La. R.S. 47:2301-09. In June of 2013, the Louisiana Department of Transportation and Development (DOTD) instituted expropriation proceedings of approximately one acre of Acadian's property. On March 3, 2015, the Assessor wrote to Acadian advising that it had recently discovered that the expropriation deed indicated that the property "sold" for more than four times the "going value for like property." Thus, the Assessor notified Acadian that it was imposing penalties pursuant to La. R.S. 47:2306[1] for falsely certifying the property or failing to notify the Assessor of the property's loss of eligibility as bona fide timberland, as well as re-assessing the value of the property for the tax years of 2012 to 2014.

---

[1]Louisiana Revised Statutes 47:2306(A) states:

In the event that the landowner obtains a use value assessment by means of false certifications on his application, or fails to timely notify the assessor of loss of eligibility for use value assessment as required by Section 5(A) of this Act, he shall be liable for a penalty equal to five times the difference between the tax under a market value assessment and the tax under a use value assessment for the tax years in which the use value assessment was attributable to the false certifications or failure to timely notify the assessor of loss of eligibility. (Footnote deleted)

Acadian responded by filing a legality challenge suit against the defendants on July 17, 2015. Acadian's petition focused on two claims: (1) for the 2012 assessment, the Assessor could not retroactively change the use value as qualified timberland and assess additional taxes for that tax year; and (2) for the 2014 assessment, the Assessor ignored the proper classification of the property as bona fide timberland. In its petition, Acadian alleged that it paid the 2014 taxes under protest and sought a refund of the disputed taxes.

After the defendants answered, Acadian filed a motion for partial summary judgment challenging the validity of the "retroactive" 2012 assessment. The motion was set for hearing on November 21, 2016. Twelve days before the hearing, the Assessor filed an opposition to Acadian's motion and a "cross-motion for summary judgment," seeking dismissal of all of Acadian's claims. Relying on several alternative arguments, the Assessor maintained Acadian did not exhaust its administrative remedies, the property did not qualify as bona fide timberland, and Acadian was statutorily barred from challenging the assessed value of the property due to its failure to timely contest the assessments.

A judgment was signed on December 14, 2016, denying summary judgment for Acadian, granting the Assessor's cross-motion, and dismissing Acadian's petition with prejudice. Acadian appealed, arguing, in relevant part, the district court erred by granting summary judgment in favor of the Assessor. This court vacated the district court's judgment and remanded the case for further proceedings.[2] See Acadian Properties Northshore, L.L.C. v. Fitzmorris, 2017-0424 (La. App. 1 Cir. 11/1/17), 234 So.3d 927, 934-35.

Acadian filed another motion for partial summary judgment on May 24, 2018, again challenging the validity of the La. R.S. 47:2306 re-assessment and

---

[2] The judgment was vacated because it was rendered without the thirty-day notice required by La. C.C.P. art. 966(C)(1).

3

penalties for 2012 and the assessment of 2014. This legality challenge suit was consolidated on October 10, 2018 with another legality challenge suit filed by Acadian.[3] See La. C.C.P. art. 1561.

Following a hearing, the district court granted the Assessor's cross-motion for summary judgment, denied Acadian's motion for partial summary judgment, and dismissed Acadian's petition. The judgment was signed on December 4, 2018, to which Acadian filed the instant appeal.[4]

## PEREMPTORY EXCEPTION

The Assessor has raised the objection of prescription for the first time before this court. The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record. La. C.C.P. art. 2163. On the trial of the peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objection pleaded, when the grounds thereof do not appear from the petition. La. C.C.P. art. 931.

---

[3] The previous, separate action of Acadian was a legality challenge suit against the defendants filed on July 3, 2014 to challenge the assessment of taxes on the property for the year 2013. Acadian alleged that it had paid the taxes under protest on or about June 4, 2014. Acadian subsequently amended and supplemented the petition three times. On November 25, 2014, Acadian petitioned that the property be defined as timberland pursuant to La. R.S. 47:2302(D), along with all other relief previously prayed for. On April 7, 2015, Acadian further alleged that the defendants wrongfully assessed the property and imposed penalties pursuant to La. R.S. 47:2306. Finally, on May 23, 2017, after this Court's decision on the prior appeal, Acadian supplemented its petition to challenge the assessment of taxes on the property for the year 2016. Acadian alleged that it had paid the taxes under protest on April 24, 2017. Acadian prayed that it be refunded all taxes that it had paid under protest. This separate action is not subject to the instant appeal.

[4] Acadian requested written reasons for judgment from the district court. In response, the district court submitted reasons that only address its denial of Acadian's motion for partial summary judgment, but do not address the granting of the Assessor's cross-motion for summary judgment. The district court also designated the judgment as final and appealable pursuant to La. C.C.P. art. 1915. The denial of a motion for summary judgment is an interlocutory judgment and therefore not appealable and cannot be certified as such. *Ascension School Employees Credit Union v. Provost Salter Harper & Alford, L.L.C.*, 2006-0992 (La. App. 1 Cir. 3/23/07), 960 So.2d 939, 940. However, appellate courts review the district court's judgment, not its reasons for judgment. *Wooley v. Lucksinger*, 2009-0571 (La. 4/1/11), 61 So.3d 507, 572. Therefore, the district court's certification has no bearing on the judgment under review.

Although the exceptor generally bears the burden of proof at the trial of the peremptory exception, when prescription is evident on the face of the pleadings, the burden shifts to show that the action has not prescribed. *Allen v. State*, 2005-1076 (La. App. 1 Cir. 5/5/06), 934 So.2d 172, 174, writ denied, 2006-1218 (La. 9/15/06), 936 So.2d 1272.

Prescription for a taxation legality challenge is governed by La. R.S. 47:2134(C), which states, in pertinent part:

(1) A person resisting the payment of an amount of ad valorem tax due or the enforcement of a provision of the ad valorem tax law and thereby intending to maintain a legality challenge shall timely pay the disputed amount due under protest to the officer or officers designated by law for the collection of the tax and shall give such officer or officers, notice at the time of payment of his intention to file suit for the recovery of the protested tax. The portion of the taxes that is paid by the taxpayer to the collecting officer or officers that is neither in dispute nor the subject of a suit contesting the legality of the assessment shall not be made subject to the protest. The taxpayer shall submit separate payments for the disputed amount of tax due and the amount that is not in dispute and not subject to the protest. Upon receipt of a notice, the protested amount shall be segregated and held by the collecting officer for a period of thirty days.

(2) A legality challenge suit must be filed within thirty days from the date of the protested payment.

In its petition, filed on July 17, 2015, Acadian alleged it had submitted a payment of $52,072.91 for the disputed property taxes for the year 2014 under protest on June 18, 2015, 29 days prior to the filing of the petition. As to the La. R.S. 47:2306 re-assessment and penalties for 2012, Acadian has not paid any amount of those taxes and penalties, under protest or otherwise, because Acadian asserts that it has already paid those taxes in full under the previous assessor's use value assessment, making La. R.S. 47:2134 inapplicable to that tax year.

Appellate review is limited to the record. La. C.C.P. art. 2164. This court cannot consider evidence submitted for the first time in this court. *Vanguard Vacuum Trucks, L.L.C. v. Mid-America Resources Corporation*, 2017-0434 (La.

5

App 1 Cir. 11/1/17), 233 So.3d 87, 89. The evidence offered by the Assessor in connection with its peremptory exception does not appear in the record, and thus may not be considered in connection therewith. We must therefore decide the merits of the exception on the facts set forth in the pleadings, which we must accept as true. See *Gaston v. Harkless*, 2019-0410 (La. App. 5 Cir. 12/30/19), 289 So.3d 186, 192.

The petition facially indicates that it was filed within thirty days of the disputed payment being made. Since we do not find prescription to be evident on the face of the pleadings, it was the Assessor's burden to show through evidence that Acadian's claims have prescribed. Since the Assessor has not done so, we must deny the peremptory exception filed by the Assessor.

## ASSIGNMENTS OF ERROR

Acadian cites the following assignments of error:

1. The trial court erred by granting the Assessor's cross-motion for summary judgment.

2. The Assessor did not have the right to overrule a previous assessment made by a predecessor.

3. The Assessor could not impose a supplemental tax on tax bills that were already paid on a previous assessment in violation of La. R.S. 47:1990.

4. The Assessor erroneously found Acadian's property was not timberland and entitled to a use value assessment.

5. The trial court erroneously relied on hearsay contained in the record of another proceeding unrelated to this litigation.

6. The trial court erroneously relied on unauthenticated documents in granting the Assessor's cross-motion for summary judgment.

## STANDARD OF REVIEW

The burden of proof on a motion for summary judgment rests with the mover: here, the defendant. Thereafter, the burden shifts to the plaintiff to produce

factual support sufficient to establish the existence of a genuine issue of material fact, or that the defendant is not entitled to judgment as a matter of law. The plaintiff may not rest on the mere allegations of denials in their pleadings, but their responses must set forth specific facts showing that there is a genuine issue for trial. La. C.C.P. art. 966(D)(1); See also Pottinger v. Price, 2019-0183 (La. App. 1 Cir. 10/23/19), 289 So.3d 1047, 1054. In determining whether summary judgment in appropriate, appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *Pottinger*, 289 So.3d at 1054.

## DISCUSSION

At the first hearing on the cross-motion for summary judgment, Acadian submitted its brief and supporting exhibits as evidence. The exhibits are an invoice from 2014 made to Acadian for the planting of 1,000 pine saplings in the location of Hwy. 21 over the course of two days. Although the Assessor did not give timely notice to Acadian of its cross-motion for summary judgment, to which Acadian properly objected, the Assessor was nevertheless allowed to proceed with its motion over Acadian's objection.

The Assessor argued that Acadian had taken steps to develop its property for the purpose of building a shopping center, but Acadian had hidden its true intent from the previous assessor so that the property could be certified as bona fide timberland and receive a lower use value tax rate. The Assessor did not submit evidence at the hearing to support its argument. The trial court then stated to counsel for Acadian:

> Even if [the Assessor] had not made an argument you would still lose. Their argument is the correct argument. Your client falsely claims that a valuable track [sic] of commercial property was an on-going timber operation... [Acadian] testified under oath, his consideration to purchase the property was to build a hundred thousand square foot commercial building.

7

The trial court submitted oral reasons, reiterating "[Acadian] has attempted to falsely claim that a valuable tract of commercial property was an ongoing timber operation.

After this court vacated the original judgment and remanded for further proceedings, the Assessor re-filed its cross-motion for summary judgment and attached exhibits to its supporting memorandum. The exhibits included a driveway permit issued to Acadian by the Louisiana Department of Transportation and Development "to serve a retail shopping center," a survey of "Emerald Plaza Shopping Center," located on Hwy. 21 in Covington, Louisiana, and a building permit issued to Acadian by the Parish of St. Tammany to build a parking lot on the property. Also included is a realtor's letter to Acadian for the valuation of certain parcels of the property, in which it is acknowledged that a "commercial development is being constructed" there.[5] The Assessor also attached as an exhibit a letter by the previous assessor addressed to the Attorney General requesting an opinion regarding land use valuation for ad valorum tax purposes. Acadian waived any procedural improprieties and objections with the cross-motion. At the hearing on the cross-motion for summary judgment, the trial court stated:

> The Court had determined that actually the intent on buying the property was for commercial development, to build [a] 100,000 square foot shopping center and that there was really no timberland activities except for clearing the land and maybe implanting some saplings which may have been in accordance with zoning landscaping requirements.
> And the Court had previously found that, no, this was intended to be commercial property, never to be a timber tract development.

The trial court rendered and signed a new judgment on December 4, 2018, granting the Assessor's cross-motion for summary judgment and dismissing

---

[5] There is no indication in the record that any structures had been erected on Acadian's property, or that any parking areas or driveways have been completed. The record does indicate, however, from invoices submitted by Acadian from 2011 and 2012, that water had been pumped from the property, that dirt was spread for leveling, and that the property was cleared and some trees removed.

Acadian's petition. The trial court supplied written reasons identical to those provided in connection with the previous judgment, again stating that Acadian had made a false claim that the property was used for a timber operation, rather than being developed into more valuable commercial property.

Summary judgment should be denied if there is a genuine issue and it is material to the case. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730, 750. A "genuine issue" is a "triable issue." *Id.* at 751. A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. *Id.* In determining whether an issue is "genuine," courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. *Id.* The trial court must assume that all affiants are credible. *Pumphery v. Harris*, 2012-0405 (La. App. 1 Cir. 11/2/12), 111 So.3d 86, 91.

In connection with its motion for partial summary judgment, Acadian submitted evidence of planting pine saplings on the property. In its second filing of its cross-motion, the Assessor presented evidence of Acadian's use of the property as a future shopping center. The Assessor also presented the previous assessor's request for an opinion by the Attorney General as to whether a property owner is required to give notice to the assessor after receiving a building permit for the purpose of re-determining the use value. The letter further includes the statutory requirements for certification of property as bona fide timberland. See La. R.S. 47:2303.

Whether the property owned by Acadian should be classified as bona fide timberland or commercial property is a genuine issue in the instant case. Any evidence submitted that supports one classification or the other are material facts. Material facts of both contentions were presented at the hearing on the cross-motion for summary judgment. The oral and written reasons given by the trial

9

court indicate that the trial court incorrectly weighed this evidence and made determinations of credibility by stating that Acadian had "falsely" claimed the property was a timber operation and not commercial property.

The trial court also commented on Acadian's "intent" on buying the property for the use as a commercial development. Although summary judgment is seldom appropriate for determinations based on subjective facts of motive or intent, summary judgment may be granted on subjective intent issues when no issue of material fact exists concerning the pertinent intent. *Jones v. Estate of Santiago*, 2003-1424 (La. 4/14/04), 870 So.2d 1002, 1006; *Washington v. Guillotte*, 2018-0301 (La. App. 1 Cir. 12/21/18), 268 So.3d 1048, 1056. We find that competent evidence was presented for both the contentions of Acadian and the Assessor, and that a genuine issue of material fact exists in the instant case as to Acadian's intended use of the property.

Since the trial court improperly weighed the evidence presented at the cross-motion for summary judgment, this matter must be remanded for further proceedings in accordance with this opinion. Therefore, all other issues raised by Acadian in the instant appeal are pretermitted.

## DECREE

The peremptory exception raising the objection of prescription filed by the appellee, Louis Fitzmorris, in his capacity as St. Tammany Parish Assessor, is denied. The judgment of the 22nd Judicial District Court, granting the appellee's cross-motion for summary judgment, is reversed and remanded for further proceedings in accordance with this opinion. All costs of this appeal in the amount of $1,907.48 are assessed to the appellee.

**PEREMPTORY EXCEPTION DENIED; JUDGMENT REVERSED; REMANDED.**

# STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## NUMBER 2019 CA 1549 C/W 2019 CA 1550

## ACADIAN PROPERTIES NORTHSHORE, L.L.C.

### VERSUS

## LOUIS FITZMORRIS, IN HIS CAPACITY AS ST. TAMMANY PARISH ASSESSOR, RODNEY J. STRAIN, JR., IN HIS CAPACITY AS EX-OFFICIO TAX COLLECTOR, AND THE LOUISIANA TAX COMMISSION

**PENZATO, J., concurs in part, and assigns reasons.**

I respectfully concur with that portion of the majority opinion that reverses the December 4, 2018 judgment granting the Cross-Motion for Summary Judgment filed by Louis Fitzmorris, in his capacity as St. Tammany Parish Assessor, as I do not agree that "competent evidence was presented" in support of the Assessor's cross-motion. I further disagree with the majority's conclusion that "Acadian waived any procedural improprieties and objections with the cross-motion."

As noted in the majority opinion, this matter was previously before this court, and we vacated a judgment granting the Assessor's summary judgment because it was rendered without the thirty-day notice required by La. C.C.P. art. 966(C)(1). *Acadian Properties Northshore, L.L.C. v. Fitzmorris*, 2017-0424 (La. App. 1 Cir. 11/1/17), 234 So. 3d 927, 934. In the prior opinion, we discussed the procedural protections afforded a party for opposing a motion for summary judgment, and recognized that a district court cannot unilaterally dispense with the pre-hearing notice required by Article 966(C). We stated, "Absent a waiver, if the required notice is not provided, the district court is procedurally barred from acting on the motion for summary judgment." *Id.*

Following remand, Acadian filed a motion for summary judgment, which was set for hearing on July 17, 2018. At the request of the Assessor, the hearing was continued to September 11, 2018. On August 8, 2018, the Assessor filed an opposition to Acadian's motion and its cross-motion for summary judgment. By order signed August 15, 2018, the Assessor's cross-motion was set for September 11, 2018. On August 28, 2018, the Clerk of Court sent notice to Acadian that the Assessor's motion was assigned for hearing on September 11, 2018. Thus, despite the explicit provisions of La. C.C.P. art. 966(C)(1), as well as this court's previous ruling, notice of the hearing date was not served on Acadian thirty days prior to the hearing.

Acadian filed an opposition memorandum to the Assessor's cross-motion for summary judgment. As a preliminary matter, Acadian indicated that it did not receive notice from the Clerk of Court of the September 11, 2018 hearing date until August 29, 2018. However, notwithstanding the Assessor's failure to comply with Article 966(C) and this court's previous ruling, Acadian waived the delay and expressed its desire for the district court to take the matter up in order to move the matter forward. In addition, in its opposition memorandum, Acadian objected to the documents filed in support of the Assessor's motion, asserting that none of the exhibits were properly authenticated.

The matter came before the district court for hearing on September 11, 2018. Counsel for Acadian stated that Acadian "waive[d] any procedural improprieties, procedural deficiencies with the cross-motion." Based upon the record in this matter, I do not agree with the majority opinion that this was a waiver of Acadian's objection to the documents attached to the Assessor's cross-motion for summary judgment. Rather, this was a waiver of the pre-hearing notice

2

required by La. C.C.P. art. 966(C) and previously addressed by this Court. <u>See</u> *Acadian Properties Northshore*, 234 So. 3d at 934.

The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. La. C.C.P. art. 966(A)(4). The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. Any objection to a document shall be raised in a timely filed opposition or reply memorandum. The court shall consider all objections prior to rendering judgment. The court shall specifically state on the record or in writing which documents, if any, it held to be inadmissible or declined to consider. La. C.C.P. art. 966(D)(2).

In this case, the only affidavit filed in support of the Assessor's cross-motion for summary judgment was that of the Assessor himself, who was not competent to authenticate the attached exhibits. See La. C.C.P. art. 967(A). Acadian objected to the exhibits in a timely filed opposition memorandum. Nonetheless, the trial court considered these documents in granting the Assessor's cross-motion for summary judgment. I find that Acadian's assignments of error five and six regarding the trial court's erroneous reliance on hearsay and other unauthenticated documents have merit; the documents should not have been considered by the trial court, and should not be considered by us on *de novo* review.

Accordingly, I find that the Assessor failed to file any relevant documents that had evidentiary value in support of his cross-motion for summary judgment. In the absence of admissible evidence, the granting of summary judgment was improper.

3